FILED
United States Court of Appeals
Tenth Circuit

May 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY G. WARDEN,

Plaintiff - Appellant,

v.

CITY OF GROVE, OKLAHOMA,

Defendant - Appellee.

No. 14-5114
(D.C. No. 4:13-CV-00398-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Bobby G. Warden appeals from the district court's order dismissing his due

process and equal protection claims because they are not ripe for judicial review.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Warden sought to develop a mobile home park in Grove, Oklahoma (the

City).  He knew he needed to comply with a City ordinance requiring him to poll all

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the property owners within three-hundred feet of the proposed development and obtain project approval from at least 75 percent of them. Shortly before Mr. Warden began polling, the City passed an ordinance that potentially eliminated this requirement. Although Mr. Warden believed he was no longer required to poll, he nonetheless attempted to comply because the City allegedly told him that "nothing has changed." Aplee. Supp. App., Vol. 4, at 430. The City said it told Mr. Warden that "[i]t was not clear" whether the polling requirement still existed. *Id.*, Vol. 1, at 112. When Mr. Warden failed to poll all of the neighboring property owners, he ceased efforts to develop the property and instead sued the City, which had not even considered whether to approve the project.

In addition to the polling ordinance, Mr. Warden was required to file a site plan application with the Planning and Zoning Commission (the Commission), *see id.* at 128, which must be approved to seek a permit to commence construction, *see id.* at 129. If Mr. Warden believed his project should be excused from this requirement, he could seek a variance from the Board of Adjustment (the Board). *See* Aplt. App. at 94. Mr. Warden filed neither an application, *see* Aplee. Supp. App., Vol. 1, at 80-81, nor a request for a variance, *see id.* at 89-90.

The City moved for summary judgment. The district court dismissed Mr. Warden's federal due process and equal protection claims challenging the polling requirement, finding them unripe because he "has not received a final decision regarding his proposed mobile home development." Aplt. App. at 299.

The district court noted Mr. Warden "has not even applied for a permit for his development, as [he] has not sought the approval of the Planning Commission, a prerequisite to applying for a permit[,]" nor were there any "evidentiary materials suggesting that [he] has sought a variance [from the Board]." *Id*. This failure "prevented [the City] from issuing a final decision on whether [he] would be allowed to develop his property." *Id*. The court further found that seeking a permit or variance "could not be considered futile, given that [City] officials were unsure if the polling requirement was still in force or applicable." *Id*. Thus, the court held that Mr. Warden's "federal substantive due process and equal protection claims are unripe and should be dismissed." *Id*. at 300. The court also dismissed his procedural due process claim because the City "has not even been given the opportunity to fail to provide [Mr. Warden] with due process." *Id*.[1]

## II. **ANALYSIS**

"The issue of ripeness is reviewed de novo." *Sierra Club v. U.S. Dep't of Energy*, 287 F.3d 1256, 1263 (10th Cir. 2002). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). This is precisely the situation before us.

---

[1] Mr. Warden also alleged violation of his First Amendment rights and violations of the Oklahoma Constitution and state laws. The district court granted summary judgment on the merits of the First Amendment claim and declined to exercise supplemental jurisdiction over the state law claims. Mr. Warden does not appeal these rulings.

Mr. Warden argues that but for "the offending 'polling provision' . . . [he would have been able] to proceed with the development of the desired residential mobile home park that otherwise would have been allowed by the zoning code of the City," Aplt. Opening Br. at 8, and his claims are therefore ripe.

Mr. Warden argues he would have been denied a permit because of the polling requirement, but that this is not clear for several reasons: (1) there may be grounds other than non-compliance with the polling requirement to deny a permit; (2) the Board might grant a variance; (3) the polling requirement may be determined to have been repealed; (4) the City has not denied Mr. Warden a permit; and (5) Mr. Warden has presented no evidence that he will in fact be denied a permit.

We conclude that the claims were properly dismissed for lack of Article III ripeness. "'Where a plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III.'" *Jordan v. Sosa*, 654 F.3d 1012, 1032 (10th Cir. 2011) (quoting *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 411-12 (3d Cir. 1992)). Mr. Warden's claims were based on contingencies and properly dismissed.

### III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

- 4 -